5

Eric D. Houser, Esq. (SBN 130079)
Robert W. Norman, Jr. (SBN 232470)
HOUSER & ALLISON, APC
A Professional Corporation
3780 Kilroy Airport Way, Ste. 130
Long Beach, CA 90806
Telephone: (562) 256-1675
Facsimile: (562) 256-1685
Email: rnorman@houser-law.com

Attorneys for Ocwen Financial Corporation and
Ocwen Loan Servicing, LLC

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO**

| | |
|---|---|
| In re<br><br>William Gregory Nissen<br>Denise Marie Nissen<br><br>　　　　Debtors | CASE NO.: 11-30546-E-13C<br>Chapter 13<br>DCN: LC-7<br><br>**DECLARATION OF GINA FEEZER IN SUPPORT OF OCWEN FINANCIAL CORPORATION AND OCWEN LOAN SERVICING, LLC'S RESPONSE TO COURT'S ORDER TO APPEAR**<br><br>**HEARING**<br>Date:　October 29, 2015<br>Time:　1:30 p.m.<br>Judge: Honorable Ronald H. Sargis<br>Dept.:　E |

**DECLARATION OF GINA FEEZER IN SUPPORT OF OCWEN'S RESPONSE TO COURT'S ORDER TO APPEAR - 1**

I, Gina Feezer, declare:

1. I have reviewed the Court's Order entered on September 28, 2015 ("Order"). I have also re-reviewed the prior declaration I submitted with respect to this case dated March 17, 2015.

2. I understand that the Court raised certain issues regarding the facts stated in my declaration filed with the Debtors' Motion for an Order Approving a Loan Modification ("Motion") between the Debtors and Ocwen Loan Servicing, LLC ("OLS"). I understand the Court had questions regarding the relationship between Ocwen Financial Corporation ("OFC") and OLS.

3. I make this declaration to provide additional information in an effort to clarify and address the issues raised by the Court's Order.

4. I have also conferred with the Company's Office of the Corporate Secretary ("Corporate Secretary") to confirm my understanding of the corporate formation and the distinction among Ocwen Financial Corporation ("OFC"), the parent company, and its subsidiaries, including OLS, and its managing member, Ocwen Mortgage Servicing, Inc. ("OMS") (collectively the "Company").

5. Beginning in October 2004, I was employed by Ocwen Federal Bank FSB ("OFB"). OFB performed similar functions as OLS. OLS then became the successor in interest to OFB in June 2005. As a result, in June 2005, my employment status transitioned to OLS. I remained employed with OLS until October 4, 2012. At that time, my employment transitioned to OFC to the present time.

6. During my more than 10 years employment with OFB, OLS, and now OFC, I have closely interacted with the Company's numerous departments on a daily basis, including the bankruptcy department. I held a bankruptcy manager position from October 2004 to May 2006. In the regular performance of my job functions, I am familiar with the business records maintained by OLS for the purpose of handling mortgage loans.

**DECLARATION OF GINA FEEZER IN SUPPORT OF OCWEN'S RESPONSE TO COURT'S ORDER TO APPEAR - 2**

7. In May 2006, I transitioned to my current role as a Senior Loan Analyst at OLS. As a Senior Loan Analyst, I perform a number of roles within OLS' Law Department. My job duties include, without limitation, conducting careful research of litigated and other disputed matters being handled by the Company. This includes my continued working with the Company's various departments, including loan setup, investor relations, customer service, default servicing, bankruptcy, and outside counsel to review the Company's business and loan records, practices, and general handling of various loans and properties. From time to time, I review and verify discovery responses, prepare declarations and affidavits, and testify for the Company at depositions and in court.

8. During my employment with the Company, I have spent thousands of hours learning Company practices. As a result, I have a vast knowledge about OLS, including OLS' record keeping practices, computer database systems and other electronic databases where OLS' maintains various records pertaining to mortgage loans.

9. In preparation of the Declaration that was previously submitted with the Debtors' Motion, I had reviewed OLS' records that pertain to the Debtors. I previously gained knowledge of the Debtor's loan from the business records of OLS through its computerized systems which maintains the Debtors' loan servicing history, transaction history, internal comment log between the departments and electronic imaging of the loan files. The electronic imaging of the loan file consists of correspondence with Debtors, and among others, copies of the original Note and Deed of Trust.

10. Even though I am employed by OFC, the ultimate parent company of OLS, I am authorized to act for OLS. In my job capacity, I am authorized to provide testimony as to the books and records of OLS pursuant to OLS resolution. The Unanimous Written Consent of the Managers of Ocwen Loan Servicing, LLC dated November 10, 2014 (the "OLS Written Consent") memorialized my authority to prepare documents and handle the types of actions that I have previously done so in this case and continue to do so for OLS. Attached as Exhibit 1 is a

**DECLARATION OF GINA FEEZER IN SUPPORT OF OCWEN'S RESPONSE TO COURT'S ORDER TO APPEAR - 3**

redacted copy of OLS Written Consent and Exhibit 2 is a redacted OLS resolution, dated December 21, 2011, where I am specifically identified as Gina Johnson, which was my ex-husband's surname.

///

11.     Over the last 10 years, there have been various actions and resolutions that have memorialized my authority and power to act for OFB, OLS and OFC, as many companies would authorize from time to time for their employees and authorized representatives.

12.     From my meeting with the Corporate Secretary, I understand that OFC owns the common stock of its primary operating subsidiary, OMS and directly or indirectly owns the outstanding stock of its other primary operating subsidiaries, including OLS. A Certificate of Good Standing for OFC dated October 14, 2015 is attached as Exhibit 3 and a Certificate of Good Standing for OLS dated October 14, 2015 is attached as Exhibit 4. I obtained these from the Corporate Secretary who requested the documents directly from the State of Florida, Department of State and the State of Delaware Secretary's Office, respectively.

13.     Based on my knowledge of the Company and my meeting with the Corporate Secretary, there is no single individual that is the managing member of OLS. OFC was the sole member of OLS. Since 2012, OLS has been a wholly owned subsidiary of ("OMS"). OMS is now a wholly owned subsidiary of OFC. OMS is now the sole member of OLS.

14.     OLS services loans for government-sponsored enterprise ("GSE") entities, like Fannie Mae and Freddie Mac, as well as non-GSE entities, like mortgage backed security trusts. Depending on various transactions and servicing agreements for GSE or non-GSE loans, OLS sometimes acts as a loan servicer, a note holder, and occasionally at note owner.

15.     Pursuant to the Court's Order, I have also reviewed my work calendar from January 1, 2014 to the present and compiled a list of all the declarations and other testimonies that I can recall to the best of my ability which I believe I have provided in state or federal court proceedings relating to the books, records, notes, and business operations of OLS.

**DECLARATION OF GINA FEEZER IN SUPPORT OF OCWEN'S RESPONSE TO COURT'S ORDER TO APPEAR - 4**

which is subject to a motion to file under seal due to its potentially prejudicial effect to the business operations of the Company.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

This declaration was executed this 15th day of October, 2015 in Orlando, Florida.

*/s/ Gina Feezer*

Gina Feezer
Senior Loan Analyst

DECLARATION OF GINA FEEZER IN SUPPORT OF OCWEN'S RESPONSE TO COURT'S ORDER TO APPEAR - 5